

UNITED STATES DISTRICT COURT
NORTHERN DIVISION

CASE NO.:

EDGINA T. HENDRIX-SMITH

    Plaintiff,

v.

K-SERVICING and
KABBAGE INC,

    Defendants,
_____/

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Edgina T. Hendrix-Smith, a resident of the State of Georgia and files this Complaint for Damages against K-Servicing and Kabbage INC, and shows as follows:

## GENERAL ALLEGATIONS

This is a Civil Action for Wire Fraud, Theft, and Identity Theft as well as Deceitful and Unfair Business Practices. Plaintiff is requesting damages for Emotional Distress. Plaintiff is requesting a judgment in the amount of $250,000.00 (two-hundred and fifty-thousand dollars). Venue for this action is properly laid in the United States District Court Northern District of Georgia in Fulton County, City of Atlanta, State of Georgia.

    a. The causes of action alleged in this Complaint accrued in Fulton County, Georgia;

    b. Plaintiff is a resident of Gwinnett County, Georgia;

    c. Defendant(s) K-Servicing and Kabbage have a principal business address in Atlanta, Georgia;

    d. All conditions precedent to this action has been performed or have occurred in

Fulton County and Gwinnett County, Georgia.

e. At all times material hereto, Edgina T. Hendrix-Smith (hereinafter Plaintiff) was a customer in pursuant of taking out a loan in Gwinnett-County, Georgia.

2) At all times material hereto, Kabbage and K-Servicing (hereinafter Defendant) was an "alleged" lender of Plaintiff's loan.

3) Pursuant to the Fair Credit Reporting Act and Fair Debt Collections Act, as well as Unfair Business Practices, the Plaintiff has been treated unfairly and has endured Emotional Distress and should receive Punitive Damages for Wire Fraud, Theft, and Identity Theft for the Defendants ruthless business practices. Plaintiff is requesting a judgment in the amount of $250,000.00 (two hundred and fifty-thousand dollars).

## **BACKGROUND**

4) In summary, this action arises out of K-Servicing and Kabbage Inc's ongoing perjury and failure to provide Plaintiff with honest information regarding her secondly approved PPP loan. On or around February 4th, 2021, Plaintiff submitted an application and was approved for a second PPP loan in the amount of $4,396.84. At the time, Plaintiff was receiving unemployment. Due to not knowing whether one could receive unemployment and a PPP loan at the same time, Plaintiff decided to withdraw her application for a second PPP loan to comply with federal laws.

5) On or around February 10th, 2021, Plaintiff was notified that monies were deposited into a closed account. Plaintiff was assured that money would be reversed and loan would be withdrawn. Plaintiff followed-up continuously to ensure this process took place. Repeatedly on the telephone, K-Servicing assured Plaintiff that loan was cancelled, however it has not been.

6) Plaintiff recorded conversations with K-Servicing and informed Defendants that calls were being recorded. Plaintiff sent certified letters to Kabbage Inc located at 730 Peachtree Street Suite 1100, Atlanta, Georgia 30308, but never received a reply back. Plaintiff kept application, e-mails and recordings of all transactions and statements. Plaintiff was reassured repeatedly that the second PPP loan was cancelled on or around April 10th, 2021. Plaintiff kept all records and recording and can easily prove all facts related to this case. On September 1, 2021, Plaintiff received a loan forgiveness application and discovered that this loan remains outstanding and was never withdrawn as stated by K-Servicing. My last conversation related to this balance occurred on September 1, 2021 at 4:00 pm. Plaintiff spoke with agent named Ashely who admitted the loan was never withdrawn and that a balance is owed on the account after attempting to lie. The Plaintiff attests under law that she never received a second PPP loan. It is the belief of the Plaintiff that this company is guilty of committing fraud, wire fraud, identity theft and perjury. They continue to state loan is in the process of being withdrawn several months later. This experience has been emotionally draining and overwhelming. Plaintiff believes someone within the company is using my social security number, address, phone number and other pertinent information and my information has been used for the purpose of identity theft.

## COUNT I
## VIOLATION OF THE FEDERAL TRADE COMMISSION ACT WHICH PROHIBITS UNFAIR AND DECEPTIVE BUSINESS PRACTICES SECTION 5 (a) OF THE FEDERAL TRADE COMMISSION ACT (FTC ACT)

Plaintiff alleges and adopts paragraphs as set forth herein and further alleges:

1) The Federal Trade Commission Act States as follows:

   <u>Deceptive Practices</u>: An act or practice is deceptive where a representation, omission, or practice misleads or is likely to mislead the consumer; a consumer's interpretation of the representation, omission, or practice is considered reasonable under the circumstances; and the misleading representation, omission, or practice is material.

   <u>Unfair Practices</u>: An act or practice is unfair where it causes or is likely to cause substantial injury to consumers; cannot be reasonably avoided by consumers; and is not outweighed by countervailing benefits to consumers or to competition. Public policy, as established by statute, regulation, or judicial decisions may be considered with all other evidence in determining whether an act or practice is unfair.

2) Plaintiff contends that K-Servicing and Kabbage Inc are guilty of fraud.

3) Plaintiff contends that the Defendants are guilty of using deceptive business practices in an effort to steal money using Plaintiff's name. Defendants have continuously lied about the status of this loan.

4) At all times, defendants had a duty to obey the laws prescribed by the Federal Trade Commission Act which prohibits unfair and deceptive business practices, as well as the Fair Credit Reporting Act and the Fair Debt Collections Act. By failing to comply with these acts, the Defendants have acted in a negligent and abusive manner. Defendants are guilty of violating federal laws related to federal statute 18 USC 1343- Wire Fraud as a Federal Crime, 18 USC 1028A- Aggravated Identity Theft and Fraud and related activity in connection with identification documents, authentication features, and information, and 18 USC 1621- Perjury.

**WHEREFORE**, plaintiff prays for judgment against the defendants as follows:

a. For general damages in excess of $250,000.00 (two hundred and fifty thousand dollars)

b. For financial loss incurred, time loss, emotional distress, research fees

c. For cost of suit incurred herein

d. For pro se fees incurred herein, and

e. For such other and further relief as the court deems proper.

Dated: September 1, 2021

Respectfully Submitted by:
/s/ *Edgina T Hendrix Smith*
Edgina T. Hendrix Smith
3855 Yosemite Park Lane
Snellville, Georgia 30039
ginahendrix@hotmail.com
(305) 904-7059

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of September, 2021, a true and correct copy of the foregoing was mailed via certified mail with the USPS and filed with The United States District Court, Northern District of Atlanta, Georgia and a Copy will be mailed to defendant(s) via Regular USPS.

We are currently reviewing the new legislation Congress passed regarding PPP, including a second loan. Please check your K Servicing dashboard the first week of January for additional updates.

You can manage your Kabbage Funding and PPP loans originated before October 16, 2020, through K Servicing. Take me back to Kabbage.com

**KServicing** for Kabbage

Home      Help  |  Edgina T. Hendrix Smith

Home

SBA First Draw           **First Draw PPP Loan**                           (/sba-loan/first-round)

SBA Second Draw          Loan balance

Funding                  **$4,429.96**

Loan repayments are deferred until you receive a decision on your loan forgiveness application.

**Second Draw PPP Loan**                           (/sba-loan/second-round)

Loan balance

**$4,396.84**

Loan repayments are deferred until you receive a decision on your loan forgiveness application.

*[Handwritten note:] Did not accept second loan. Was told application was withdrawn by supervisor. They lied!! Shows I still owe for loan never received*

Borrowers are responsible for reviewing and understanding the SBA Paycheck Protection Program rules. The Paycheck Protection Program rules are subject to change. Borrowers are encouraged to visit the SBA website to review applicable rules and guidance. Any and all statements and representations are provided for informational purposes only and are not legal advice. Nothing prevents borrowers from retaining professionals to advise or assist in the preparation of a loan forgiveness application.

Borrowers are required to maintain all records relating to the Borrower's PPP loan, including documentation submitted with its PPP loan application, documentation supporting the Borrower's certifications as to its eligibility for a PPP loan, documentation necessary to support the Borrower's loan forgiveness application, and documentation



U.S. Small Business Administration

NOTE

| SBA Loan # | 2958908400 |
| --- | --- |
| SBA Loan Name | Edgina T. Hendrix Smith |
| Date | 2/4/2021 |
| Loan Amount | $ 4375.0 |
| Interest Rate | 1.0% |
| Borrower | Edgina T. Hendrix Smith |
| Operating Company | Edgina T. Hendrix Smith |
| Lender | Kabbage, Inc. |

1. PROMISE TO PAY:

   This Loan is being made by Lender to Borrower pursuant to the terms of the Paycheck Protection Program authorized by the Coronavirus Aid, Relief, and Economic Security (CARES) Act, the Paycheck Protection Program Flexibility Act enacted June 5, 2020 (the "Flexibility Act"), the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act enacted December 28, 2020 (the "Economic Aid to Small Business Act"), and pursuant to all regulations and guidance promulgated or provided by the SBA and other Federal agencies that are now, or may become, applicable to the Loan (the "Program"). In return for the Loan, Borrower promises to pay to the order of Lender the Loan Amount listed above, interest on the unpaid principal balance, and all other amounts required by this Note.

2. DEFINITIONS:

   "Loan" means the loan evidenced by this Note.

   "Loan Documents" means the documents related to this loan signed by Borrower.

   "SBA" means the Small Business Administration, an Agency of the United States of America.

3. PAYMENT TERMS:

   Borrower must make all payments in accordance with the Lender's payment instructions. The payment terms for this Note are:

   (1) The unpaid principal amount of the Loan shall bear interest at a rate per annum equal to 1.00%, calculated on the basis of a 365 day year and the actual number of days elapsed accruing from the date of initial disbursement of the Loan through the Maturity Date (as defined below).

(2) No interest or principal payments will be required on the Loan during the "Deferral Period," defined as follows:

   a. If Borrower applies for forgiveness within 10 months after the last day of the "Covered Period," defined in section 1106(a) of the CARES Act, then the Deferral Period is the period if from the date of this Note until the first payment date, defined according to a schedule provided by Lender to Borrower following the date on which the amount of forgiveness determined under Section 1106 of the CARES Act is remitted by SBA to Lender.

   b. If Borrower does not apply for forgiveness within 10 months after the last day of the Covered Period, then the Deferral Period is from the date of the Note through 10 months following the last day of the Covered Period.

   Interest will continue to accrue on the outstanding Loan amount during the Deferral Period through the earlier of (i) payment in full of the Note or (ii) the Maturity Date.

(3) After the Deferral Period and after taking into account any loan forgiveness applicable to the Loan pursuant to the Program, as approved by SBA, any remaining principal and accrued interest will be payable in equal monthly installments over the remaining term of the Loan, in the amount and according to the payment schedule provided by Lender at the end of the Deferral Period.

(4) Lender will apply each installment payment first to accrued interest and then to principal.

(5) This Note will mature five (5) years from the date of this Note ("Maturity Date"), at which time all unpaid or unforgiven principal, accrued interest and any other amounts outstanding pursuant to this Note will be due and payable.

(6) The Borrower may prepay this Note in whole or in part at any time without penalty prior to the Maturity Date.

(7) If a payment is made consistent with Lender's payment instructions but received after 3:00 PM EST on a business day, Lender will credit the Borrower's payment on the next business day.

(8) Automatic Payment Authorization. Borrower authorizes Lender to initiate, on each business day, ACH debit and credit entries to the deposit account designated by Borrower for Loan disbursements ("Designated Account") for all payments due under this Note, and to debit the Designated Account for such payments on the date each payment is due and to initiate, if necessary, additional entries for any entries credited or debited in error. Borrower acknowledges and agrees that, to the extent there are insufficient funds in the Designated Account to pay the required amounts when due, Borrower shall immediately pay to Lender all sums remaining unpaid. This authorization supplements, and does not limit, Lender's rights under this Note. Borrower understands that this authorization will remain in full force and effect until the Borrower notifies Lender in writing of the Borrower's wish to revoke this authorization, in which case Borrower is still responsible for making all further payments in a timely manner. The Borrower understands that Lender needs at least five (5) days prior notice to cancel this authorization. The Borrower signing below is authorized to make this request, and Lender is entitled to rely conclusively on this authorization until this authorization is terminated by Lender or the Borrower. Borrower agrees that ACH transactions must comply with the provisions of U.S. law and agrees to be bound by the National Automated Clearing House Association Operating Rules, as in effect from time to time and to the extent applicable, in connection with all such transactions.

(9) If a debit is rejected or if Borrower otherwise fails to pay the amount due, Borrower agrees that Lender may (A) terminate further automatic debits, in which case Borrower will be responsible for making all further payments directly and in a timely manner, (B) debit the Designated Account at any time and from time to time, for any amounts due until paid in full, (C) subject to any right to notice of default and right to cure required by state law (which you agree to waive to the greatest extent possible), declare the outstanding Loan immediately due and payable and (D) pursue any and all other remedies available to Lender.

(10) Lender and SBA shall have no recourse against any individual shareholder, member or partner of Borrower that is an entity formed under state or federal law for non-payment of the Loan, except to the extent that such shareholder, member or partner uses the Loan proceeds for an unauthorized purpose or otherwise fails to comply with the requirements of the Program.

4. DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

(1) Fails to do anything required by this Note and other Loan Documents;

(2) Defaults on any other loan with Lender;

(3) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

(4) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

(5) Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

(6) Fails to pay any taxes when due;

(7) Becomes the subject of a proceeding under any bankruptcy or insolvency law;

(8) Has a receiver or liquidator appointed for any part of their business or property;

(9) Makes an assignment for the benefit of creditors;

(10) Except as contemplated under the Program, has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

(11) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent;

(12) Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note; or

(13) For any reason it is determined that the Borrower is not eligible to obtain this Loan under the Program or otherwise violates any term or requirement of the Program.

5. LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

(1) Require immediate payment of all amounts owing under this Note;

(2) Collect all amounts owing from any Borrower; or

(3) File suit and obtain judgment.

6. LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

(1) Incur expenses to collect amounts due under this Note and enforce the terms of this Note or any other Loan Document. Among other things, the expenses may include payments for reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

(2) Release anyone obligated to pay this Note; and

(3) Take any action necessary to collect amounts owing on this Note.

7. WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. SUCCESSORS AND ASSIGNS:

Under this Note, Borrower includes its successors, and Lender includes its successors and assigns.

9. GENERAL PROVISIONS:

   (1) Borrower waives all suretyship defenses.

   (2) Borrower must sign all documents necessary at any time to comply with the Loan Documents and the Program.

   (3) Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

   (4) Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

   (5) If any part of this Note is unenforceable, all other parts remain in effect.

   (6) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee or collateral; did not obtain, perfect, or maintain a lien upon any collateral; or did not obtain the fair market value of any collateral at a sale.

   (7) Borrower agrees to modify this Note and any other Loan Document if requested by Lender in order to comply with the Program requirements and as necessary to ensure this Note is guaranteed by the SBA under the Program. Further, Borrower agrees that if the SBA or the U.S. Department of Treasury issues a form note or other related loan documentation or otherwise specifies documentation requirements with respect to loans made pursuant to the Program, Borrower will immediately execute such note and related loan documentation in such form as required to comply with all Program requirements as requested by Lender. Borrower hereby appoints Lender as its attorney-in-fact to sign such documentation on its behalf in the event Borrower is unavailable or unwilling to sign any such documentation for any reason, and such documentation will be enforceable as if signed directly by Borrower.

   (8) If Borrower is an entity, Borrower is currently existing, in good standing and duly organized under the laws of the state of its organization, and has the power to own its property and to carry on its business in each jurisdiction in which it operates.

   (9) Borrower has full power and authority to enter into this Note and the Loan Documents, to execute and deliver this Note and the Loan Documents, and to incur the obligations provided for in this Note, including the Loan, and the Loan Documents. No consent or approval of members or of any public authority is required as a condition to the validity of this Note or any Loan Documents. This Note has been duly executed and delivered by the Borrower.

   (10) Agreement to Conduct Electronic Transactions: The parties expressly agree that the transactions and interactions they have with one another in relation to this document may be conducted by electronic means. Without limiting the generality of the foregoing, the parties expressly agree that this Note, the Loan Documents and any other instruments, agreements, documents, and communications related to this Note, the Loan Documents or the matters addressed in this Note (each, inclusive of this document, a "Covered Document"), may be created, generated, sent, communicated, executed, signed, delivered, transmitted, received, retained, stored, authenticated, or otherwise processed, handled, or used by electronic means or in electronic form. In the event that any party hereto signs a Covered Document (including, without limitation, this Note) electronically, such party: (a) expressly states that such party has signed such Covered Document in electronic form using an electronic signature, and that such party intends for such party's electronic signature to be such party's signature to such Covered Document, and that by making such electronic signature, such party intends to sign such Covered Document; (b) agrees to the terms of such Covered Document in all respects, as if such party had signed a paper or other written or tangible version of such Covered Documents using a pen or other tangible writing instrument; and (c) agrees that any such Covered Document will be valid for all legal purposes under all applicable law, including, without limitation and as applicable, under the Electronic Signatures in Global and National Commerce Act and the Uniform Electronic Transactions Act as enacted in the state whose governing law governs such Covered Document.

   (11) Arbitration and Class Action Waiver. Any dispute, claim, or controversy relating in any way to this Note or your

receipt or use of the Loan shall be, at the election of either party, resolved by binding arbitration under applicable Pennsylvania law. Claims regarding the validity, enforceability or scope of this section or this Note including but not limited to whether a given claim or dispute is subject to arbitration will be determined by the arbitrator. The Federal Arbitration Act and federal arbitration law apply to this Note. The arbitration shall be administered by JAMS (www.jamsadr.com) and the arbitration shall be conducted in accordance with the Expedited Procedures of the JAMS. A single arbitrator shall be chosen in accordance with the procedures of JAMS. Any arbitration hearing will occur in Wyomissing, Pennsylvania. The arbitrator will apply the substantive law of the State of Pennsylvania, exclusive of its conflict or choice of law rules. Either party may commence arbitration by providing to JAMS and the other party to the dispute a written demand for arbitration, setting forth the subject of the dispute and the relief requested. The arbitrator's award will be binding on the parties and may be entered as a judgment in any court of competent jurisdiction. The arbitrator may not consolidate more than one person's or entity's claims. To the maximum extent permitted by law, the parties agree that any dispute, claim, or controversy in connection with this Note, whether in arbitration or in court, will be conducted only on an individual (non- class or non-representative) basis. Borrower waives any right to have any dispute, claim, or controversy in connection with this Note decided by a jury, and Borrower also waives any right to participate in a class action against Lender or its affiliates.

(12) All certifications set forth in the Paycheck Protection Program Borrower Application Form, SBA Form 2483 for First Draw Loans and 2483-SD for Second Draw Loans, as applicable, as each may have been amended and as submitted by Borrower to Lender are incorporated herein by reference, are true and correct, and are hereby reaffirmed to Lender and ratified by Borrower as if set forth herein.

10. STATE-SPECIFIC PROVISIONS:

Except as set forth in Section 7, this Note will be governed by the laws of the state of Georgia. State-specific disclosures pertaining to the Borrower are set forth in Addendum A.

IN WITNESS WHEREOF, Borrower has executed this Note as of the date first above written.

**BORROWER:** Edgina T. Hendrix Smith

By: *Edgina Smith* (DocuSigned by: Edgina Smith)
Name: Edgina Smith
Title: Mental Health Therapist/Independent Contractor

## Addendum A to SBA Note

# RESOLUTION TO BORROW

| Principal $ | Loan Date | | Loan No | | | Officer | Initials |
|---|---|---|---|---|---|---|---|
| 375.0 | 2/4/2021 | | 2958908400 | | | Edgina Smith | ES |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

**orrower:** Edgina T. Hendrix Smith
3855 Yosemite Park Lane

Snellville GA 30039

**Lender:** Kabbage, Inc.
925B Peachtree Street
NE
Suite 1688
Atlanta, GA 30309

**I,THE UNDERSIGNED, DO HEREBY CERTIFY THAT:**

**THE BORROWER 'S EXISTENCE.** The complete and correct name of the borrower is Edgina T. Hendrix Smith ("Borrower"). The Borrower is a duly formed entity which is, and at all times shall be, duly organized, validly existing, and in good standing under and by virtue of the laws of the State of its organization. The Borrower is duly authorized to transact business in all other states in which the Borrower is doing business, having obtained all necessary filings, governmental licenses and approvals for each state in which the Borrower is doing business. Specifically, the Borrower is, and at all times shall be, duly qualified as a foreign entity in all states in which the failure to so qualify would have a material adverse effect on its business or financial condition. The Borrower has the full power and authority to own its properties and to transact the business in which it is presently engaged or presently proposes to engage. The Borrower maintains an office at the address set forth above. Unless the Borrower has designated otherwise in writing, the principal office is the office at which the Borrower keeps its books and records. The Borrower will notify Lender prior to any change in the location of the Borrower 's state of organization or any change in the Borrower's name. The Borrower shall do all things necessary to preserve and to keep in full force and effect its existence, rights and privileges, and shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental or quasi-governmental authority or court applicable to the Borrower and the Borrower's business activities.

**RESOLUTIONS ADOPTED.** At a meeting of the directors or members of the Borrower, or if the Borrower is a close corporation having no Board of Directors then at a meeting of the Borrower 's shareholders, duly called and held on , at which a quorum was present and voting, or by other duly authorized action in lieu of a meeting, the resolutions set forth in this Resolution were adopted.

**OFFICER.** The following named person is an officer of Borrower:

| NAMES | TITLES | AUTHORIZED | ACTUAL SIGNATURES |
|---|---|---|---|
| Edgina Smith | **Authorized Representative** | Y | X DocuSigned by: Edgina Smith 2E5C46A2621544B... |

**ACTIONS AUTHORIZED.** The authorized person listed above may enter into any agreements of any nature with Lender, and those agreements will bind the Borrower. Specifically, but without limitation, the authorized person is authorized, empowered, and directed to do the following for and on behalf of the Borrower:

**Borrow Money.** To borrow, as a cosigner or otherwise, from time to time from Lender, on such terms as may be agreed upon between the Borrower and Lender, such sum or sums of money as in his or her judgment should be borrowed, without limitation.

**Execute Notes.** To execute and deliver to Lender the promissory note or notes, or other evidence of the Borrower's credit accommodations, on Lender's forms, at such rates of interest and on such terms as may be agreed upon, evidencing the sums of money so borrowed or any of the Borrower's indebtedness to Lender, and also to execute and deliver to Lender one or more renewals, extensions, modifications, refinancings, consolidations, or substitutions for one or more of the notes, any portion of the notes, or any other evidence of credit accommodations.

**Negotiate Items.** To draw, endorse, and discount with Lender all drafts, trade acceptances, promissory notes, or other evidences of indebtedness payable to or belonging to the Borrower or in which the Borrower may have an interest, and either to receive cash for the same or to cause such proceeds to be credited to the Borrower's account with Lender, or to cause such other disposition of the proceeds derived therefrom as he or she may deem advisable.

**NOTICES TO LENDER.** The Borrower will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (A) change in the Borrower 's name; (B) change in the Borrower's assumed business name(s); (C) change in the management of the Borrower; (D) change in the authorized signer(s); (E) change in the Borrower's principal office address; (F) change in the Borrower's state of organization; (G) conversion of the Borrower to a new or different type of business entity; or (H) change in any other aspect of the Borrower that directly or indirectly relates to any agreements between the Borrower and Lender. No change in the Borrower's name or state of organization will take effect until after Lender has received notice.

# RESOLUTION TO BORROW
## (Continued)

Page 2

**CERTIFICATION CONCERNING OFFICERS AND RESOLUTIONS.** The officer named above is duly elected, appointed, or employed by or for the Borrower, as the case may be, and occupies the position set opposite his or her respective name. This Resolution now stands of record on the books of the Borrower, is in full force and effect, and has not been modified or revoked in any manner whatsoever.

**NO CORPORATE SEAL.** The Borrower n has no corporate seal, and therefore, no seal is affixed to this Resolution.

**CONTINUING VALIDITY.** Any and all acts authorized pursuant to this Resolution and performed prior to the passage of this Resolution are hereby ratified and approved. This Resolution shall be continuing, shall remain in full force and effect and Lender may rely on it until written notice of its revocation shall have been delivered to and received by Lender at Lender's address shown above (or such addresses as Lender may designate from time to time). Any such notice shall not affect any of the Borrower's agreements or commitments in effect at the time notice is given.

**IN TESTIMONY WHEREOF, I have hereunto set my hand and attest that the signature set opposite the name listed above is his or her genuine signature.**

I have read all the provisions of this Resolution, and personally and on behalf of the Borrower certify that all statements and representations made in this Resolution are true and correct. This Resolution to Borrow is dated as of the date set forth above.

**CERTIFIED TO AND ATTESTED BY:**

_Edgina Smith_, as Authorized Representative
(DocuSigned by: 2E5C46A2621544B...)

# RESOLUTION TO BORROW

| Principal $ | Loan Date | | Loan No | | | Officer | Initials |
|---|---|---|---|---|---|---|---|
| 375.0 | 2/4/2021 | | 2958908400 | | | Edgina Smith | ES |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "****" has been omitted due to text length limitations.

**orrower:** Edgina T. Hendrix Smith
3855 Yosemite Park Lane

Snellville GA 30039

**Lender:** Kabbage, Inc.
925B Peachtree Street
NE
Suite 1688
Atlanta, GA 30309

**I,THE UNDERSIGNED, DO HEREBY CERTIFY THAT:**

**THE BORROWER 'S EXISTENCE.** The complete and correct name of the borrower is Edgina T. Hendrix Smith ("Borrower"). The Borrower is a duly formed entity which is, and at all times shall be, duly organized, validly existing, and in good standing under and by virtue of the laws of the State of its organization. The Borrower is duly authorized to transact business in all other states in which the Borrower is doing business, having obtained all necessary filings, governmental licenses and approvals for each state in which the Borrower is doing business. Specifically, the Borrower is, and at all times shall be, duly qualified as a foreign entity in all states in which the failure to so qualify would have a material adverse effect on its business or financial condition. The Borrower has the full power and authority to own its properties and to transact the business in which it is presently engaged or presently proposes to engage. The Borrower maintains an office at the address set forth above. Unless the Borrower has designated otherwise in writing, the principal office is the office at which the Borrower keeps its books and records. The Borrower will notify Lender prior to any change in the location of the Borrower 's state of organization or any change in the Borrower's name. The Borrower shall do all things necessary to preserve and to keep in full force and effect its existence, rights and privileges, and shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental or quasi-governmental authority or court applicable to the Borrower and the Borrower's business activities.

**RESOLUTIONS ADOPTED.** At a meeting of the directors or members of the Borrower, or if the Borrower is a close corporation having no Board of Directors then at a meeting of the Borrower 's shareholders, duly called and held on , at which a quorum was present and voting, or by other duly authorized action in lieu of a meeting, the resolutions set forth in this Resolution were adopted.

**OFFICER.** The following named person is an officer of Borrower:

| NAMES | TITLES | AUTHORIZED | ACTUAL SIGNATURES |
|---|---|---|---|
| Edgina Smith | **Authorized Representative** | y | X DocuSigned by: Edgina Smith 2E5C46A2621544B... |

**ACTIONS AUTHORIZED.** The authorized person listed above may enter into any agreements of any nature with Lender, and those agreements will bind the Borrower. Specifically, but without limitation, the authorized person is authorized, empowered, and directed to do the following for and on behalf of the Borrower:

**Borrow Money.** To borrow, as a cosigner or otherwise, from time to time from Lender, on such terms as may be agreed upon between the Borrower and Lender, such sum or sums of money as in his or her judgment should be borrowed, without limitation.

**Execute Notes.** To execute and deliver to Lender the promissory note or notes, or other evidence of the Borrower's credit accommodations, on Lender's forms, at such rates of interest and on such terms as may be agreed upon, evidencing the sums of money so borrowed or any of the Borrower's indebtedness to Lender, and also to execute and deliver to Lender one or more renewals, extensions, modifications, refinancings, consolidations, or substitutions for one or more of the notes, any portion of the notes, or any other evidence of credit accommodations.

**Negotiate Items.** To draw, endorse, and discount with Lender all drafts, trade acceptances, promissory notes, or other evidences of indebtedness payable to or belonging to the Borrower or in which the Borrower may have an interest, and either to receive cash for the same or to cause such proceeds to be credited to the Borrower's account with Lender, or to cause such other disposition of the proceeds derived therefrom as he or she may deem advisable.

**NOTICES TO LENDER.** The Borrower will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (A) change in the Borrower 's name; (B) change in the Borrower's assumed business name(s); (C) change in the management of the Borrower; (D) change in the authorized signer(s); (E) change in the Borrower's principal office address; (F) change in the Borrower's state of organization; (G) conversion of the Borrower to a new or different type of business entity; or (H) change in any other aspect of the Borrower that directly or indirectly relates to any agreements between the Borrower and Lender. No change in the Borrower's name or state of organization will take effect until after Lender has received notice.

DocuSign Envelope ID: 0F7E7A67-B02B-48EF-8317-35374642419

# RESOLUTION TO BORROW
## (Continued)

**CERTIFICATION CONCERNING OFFICERS AND RESOLUTIONS.** The officer named above is duly elected, appointed, or employed by or for the Borrower, as the case may be, and occupies the position set opposite his or her respective name. This Resolution now stands of record on the books of the Borrower, is in full force and effect, and has not been modified or revoked in any manner whatsoever.

**NO CORPORATE SEAL.** The Borrower n has no corporate seal, and therefore, no seal is affixed to this Resolution.

**CONTINUING VALIDITY.** Any and all acts authorized pursuant to this Resolution and performed prior to the passage of this Resolution are hereby ratified and approved. This Resolution shall be continuing, shall remain in full force and effect and Lender may rely on it until written notice of its revocation shall have been delivered to and received by Lender at Lender's address shown above (or such addresses as Lender may designate from time to time). Any such notice shall not affect any of the Borrower's agreements or commitments in effect at the time notice is given.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and attest that the signature set opposite the name listed above is his or her genuine signature.

I have read all the provisions of this Resolution, and personally and on behalf of the Borrower certify that all statements and representations made in this Resolution are true and correct. This Resolution to Borrow is dated as of the date set forth above.

**CERTIFIED TO AND ATTESTED BY:**

_Edgina Smith_, as Authorized Representative

To: Clerk: 9/3/2021

I recently filed a complaint against K-Servicing & Kabbage, Inc. I do not believe it has been received & accepted yet. I'm very angry. I never accepted a Second PPP loan from this company & was told repeatedly a lie. I was informed and reassured by Supervisor's & others that my application was withdrawn. I recorded all conversations & possess all emails to prove my case. On Sept 1, 2021, this company denied I had a Second PPP yet I received a loan forgiveness application & it continues to show I accepted a loan. Please enclose & upload all documents. My Identification has been stolen as well. I'm outraged!

Thank you!

Regina T.H. Smith,
Plaintiff